IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NATHAN R. GONINAN,

        Plaintiff,          Civil No. 09-728-TC

       v.                    FINDINGS AND
                                RECOMMENDATION
LT. DOUG COX, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate at the Snake River Correctional Facility, filed a complaint under 42 U.S.C. sec. 1983 alleging that defendants violated his civil rights while he was in the Marion County Jail. Specifically, plaintiff alleges that he was restrained in his cell "for 3 to 7 days" on 2 or three occasions in October of 2007. Complaint (#2) p. 3. Plaintiff further alleges that "the restraints made my ankle and foot and hand and arms swell up and left cuts," and that due to the restraints he could not use the toilet or feed himself.

1 - FINDINGS AND RECOMMENDATION

Plaintiff further alleges that while in restraints he was not allowed to exercise his limbs, shower or use hygiene items and was not provided with blankets or a mattress. Id. Plaintiff seeks money damages. Id., p. 4.

Defendants now move for summary judgment (#20). Plaintiff was advised of the federal summary judgment standard ("Rand Notice") by Order (#14) entered February 16, 2010. Plaintiff has not filed a response to defendants' motion.

The un-controverted evidence submitted by defendants establishes that at the time giving rise to his claims herein, plaintiff was lodged in the Marion County Correctional Facility pursuant to a fugitive warrant issued by the State of Washington. Plaintiff had been convicted of custodial assault and later escaped from custody and fled to Oregon.

The Eighth Amendment prohibition against cruel and unusual punishment upon inmates has been interpreted as prohibiting the "unnecessary and wanton infliction of pain." To determine whether force used against an inmate as a security measure to preserve and assure the safety of corrections staff, visitors and other inmates, the court must decide whether the "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 321-321 (1986). In this analysis, the court may consider "such factors as the need for the application of force, the relationship between the need and

2 - FINDINGS AND RECOMMENDATION

the amount of force that was used, the extent of the injury inflicted," as well as "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321.

Corrections officials are entitled to significant deference "in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley, at 321-322, citing Bell v. Wolfish, 441 U.S. 520, 547 (1979). Evidence that shows a "mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives," to the force used is insufficient to prove the requisite wantonness in the infliction of pain upon an inmate. Id.

Defendants concede that plaintiff was placed in restraints for an extended period of time on two occasions during his incarceration in the MCCF in October, 2007. Memorandum of Law (#22) p. 4..

However, the un-controverted evidence submitted by defendants establishes that defendants were dealing with an out-of-control inmate. Plaintiff had previously escaped from custody. He had violently assaulted a fellow inmate causing serious injuries and threatened to physically and sexually assault corrections officers and to commit suicide. He had

3 - FINDINGS AND RECOMMENDATION

vandalized jail property and fabricated and secreted a dangerous weapon. Plaintiff had demonstrated an ability to slip off standard handcuffs, thrown urine on one deputy and spit on another. Defendants attempted to control plaintiff by placing him in administrative segregation, deprivation of personal items, isolation from other inmates, direct supervision by two deputies, and deprivation of free time spent outside his cell. Plaintiff did not respond to these disciplinary measures and continued this violent, dangerous and disruptive behavior.

Under the circumstances established by defendants I find that the need for the application of force (restraints) was clear, that the amount of force used was reasonable and that no alternative to the use of restraints was available to control plaintiff. There is no evidence in the record that force was used maliciously or sadistically against plaintiff for the purpose of causing him harm.

Moreover, defendants un-controverted evidence establishes plaintiff was provided with appropriate medical treatment for the minor injuries his wrists and ankles. Plaintiff's allegations that he was deprived of daily necessities are refuted by defendants affidavits and exhibits.

I find that there are no material issues of disputed fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#20) should be allowed. This case should be

dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 19+ day of October, 2010.

Thomas M. Coffin
United States Magistrate Judge